STATE OF NEBRASKA, APPELLEE, v. RICHARD E. WRIGHT, APPELLANT.

205 N. W. 2d 351

Filed March 16, 1973. No. 38662.

Frank B. Morrison, Sr., and Lynn R. Carey, Jr., for appellant.

Clarence A. H. Meyer, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

Defendant was convicted by a jury on a charge of shooting with intent to kill, wound, or maim. The sole question on appeal is whether the trial court erred in admitting certain physical evidence, to wit, the weapon allegedly used and certain shell casings and slugs. The claim is a lack of foundation in that the exhibits are not sufficiently connected to the defendant. The assignment is not well taken and the judgment and sentence are affirmed.

The evidence shows the defendant was tied to the crime by motive, virtual identification by his estranged wife, admissions made to his wife in a telephone conversation after the shooting, and flight. The identification testimony was that she saw a person leaving the scene who appeared to be her husband. This was during hours of darkness. She did not see his face and the identification was based upon clothing and general appearance. She was within a few feet of him, looking through a window in the front door.

The physical evidence consisted of a .22 caliber hand gun, five .22 caliber shell casings, and three .22 slugs, one of which was removed from the victim's head and two from the mattress on which the victim was lying. The victim was the defendant's 4-year-old daughter. The evidence would support the conclusion the wife was the intended victim. It was her practice to watch television while lying on a bed adjacent to the window through which the shooting occurred.

The weapon was given to the police by the defendant's step-father at the step-father's home within 2½ hours of the time the defendant was apprehended there and from which place he sought to flee when the police came to arrest him. The casings were found outside the window through which the shooting occurred. A

ballistics expert with the Federal Bureau of Investigation testified that the casings had been fired in the hand gun and that the slugs, which bore rifling characteristics similar to the characteristics of the rifling in the weapon could have been fired from the weapon, but because the slugs were mutilated he could not positively so testify.

The identification, motive, admissions, and flight tie the defendant to the crime. The casings and the slugs and the expert testimony tie that physical evidence to the crime. The casings and the slugs and the expert testimony connect the gun with the crime. Taken together, the connection of the physical evidence to the defendant was clearly sufficient to justify its admission.

The underlying principle of relevance is logical probative value. McCormick, Handbook of the Law of Evidence, § 151, p. 314.

AFFIRMED.