STATE OF NEBRASKA, APPELLEE, v. RICHARD ERVIN WRIGHT, APPELLANT.

225 N. W. 2d 425

Filed January 30, 1975. No. 39723.

James P. Thornton, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

This is a proceeding under the Post Conviction Act, sections 29-3001, et seq., R. S. Supp., 1974. Defendant was convicted of shooting with intent to kill, wound, or maim. We affirmed the conviction on direct appeal. State v. Wright, 189 Neb. 783, 205 N. W. 2d 351. Defendant later filed a motion to vacate in the District Court. The court ordered and held an evidentiary hearing, after which it denied the motion. Defendant appeals. We affirm.

The error assigned and argued here is that the defendant was denied effective assistance of counsel. The asserted grounds of the claim are that the court-appointed trial counsel did not make adequate preparation and that he conferred with the defendant for only about 5 minutes prior to trial; he did not call alibi witnesses; he did not let the defendant take the stand because of his prior felony conviction; he failed to develop and follow through on a "psychiatric defense"; he failed to peremptorily challenge a juror whom the defendant desired removed from the panel; and he failed to take appropriate steps to combat a statement by the prosecutor in closing argument that the defendant's failure to take the stand and testify in his own behalf indicated his guilt.

We have carefully examined the record of the evidentiary hearing and record of trial, both of which are contained in the bill of exceptions. Both the defendant and his trial counsel testified at the evidentiary hearing, as did the defendant's wife, who was a principal prosecution witness at the trial.

The record supports the following conclusions: Counsel conferred with the defendant on a number of occasions for an adequate length of time; he investigated thoroughly the circumstances of the alleged crime; the defendant did not have an alibi as he had no explana-

tion of his whereabouts at the time of the shooting and had no other witnesses (at the evidentiary hearing he avoided all attempts to disclose the names of such witnesses) to support his alibi; counsel's advice with regard to defendant's taking the stand at trial was not based on any prior felony conviction of defendant, rather, the reason the defendant did not take the stand was because his testimony would have been harmful to his claim of innocence; therefore prudence and judgment dictated reliance on failure of the State to prove its case beyond a reasonable doubt, the State's case being largely circumstantial; counsel had the defendant examined by a psychiatrist (admitted by the defendant) and no claim of insanity could be supported; if the defendant had requested the peremptory challenge of the juror in question, counsel would have exercised the challenge; and counsel would have moved for a mistrial during final argument if the prosecutor had in fact made the statement claimed.

Even on the cold record before us it is clear that the judge who conducted the evidentiary hearing came to the proper conclusions on the constitutional claim of ineffective assistance of counsel and that he also properly disposed of the other matters raised by the motion but not argued here.

Citation of authority would add nothing to this opinion and therefore we cite none.

AFFIRMED.